**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Gregory R. Nyhus
Assistant United States Attorney
Greg.r.nyhus@usdoj.gov
(503) 727-1015
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

September 18, 2025

Per Olson
Attorney at Law
1000 SW Broadway Ste. 1740,
Portland, OR 97205

      Re:    *United States v. Sanjay Kaushik*
             Case No. 24-cr-00439-IM
             Plea Agreement Letter

Dear Counsel:

1.     **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.     **Charges**: Defendant agrees to plead guilty to Count 1 of the Indictment, which charges Conspiracy to Export Products in Violation of the Export Control Reform Act and the Export Administration Regulations (50 U.S.C. §§ 4819(a)(1), (a)(2)(D) and 15 C.F.R. §§ 736.2, 746.8), and specifically alleges that beginning no later than on or about September 6, 2023, and continuing to at least on or about October 17, 2024, in the District of Oregon and elsewhere, Defendant, together with others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, and agree to export and reexport, and cause the export and reexport, of items on the Commerce Control List, 15 C.F.R. Part 774, Supplement Number 1, including aircraft parts, components, and technology, from the United States to Russia and Russian end users without first having obtained the required license or authorization from the U.S. Department of Commerce for such exports and reexports.

3.     **Penalties**: The maximum penalty for a violation of 50 U.S.C. § 4819 is 20 years, a $1,000,000 fine, up to three years of supervised release, and a statutory assessment of $100 per violation. Defendant agrees to pay the fee assessment on the day of sentencing or explain to the Court why this cannot be done.

**Defendant understands that because defendant is not a citizen of the United States, defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant**

Per Olson
Page 2
September 18, 2025

**acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.**

4.  **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.  **Elements and Factual Basis**: In order for defendant to be found guilty of Count One of the Indictment, the government must prove the following elements beyond a reasonable doubt:

   1. The defendant entered into an agreement with at least one other person to unlawfully export, cause the export, or transfer for export an item or commodity from the United States;
   2. The item that the defendant agreed to unlawfully export, caused the export of, or transferred for export was controlled for export under the EAR;
   3. The defendant failed to obtain a license or other authorization from BIS prior to the exportation of the item; and
   4. The defendant did so willfully, that is, voluntarily and intentionally in violation of a known legal duty.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime(s) to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea(s). The following facts are true and undisputed:

> Beginning no later than about September 6, 2023, and continuing to at least October 17, 2024, in the District of Oregon and elsewhere, defendant agreed with others to export and reexport, and cause the export and reexport of, a Northrup Grumman LCR-100 Gyrocompass Attitude Heading Reference System ("AHRS").
>
> The order was brokered by a company in Austria, with shipping instructions naming Arezo Aviation in New Delhi, India, owned by defendant. The point of contact was identified as Sanjay Kaushik, owner of Arezo. In truth and fact, defendant, and those with whom he conspired to coordinate the purchase, intended the AHRS to be delivered to a Russia-based individual who owns and operates a luxury aircraft charter, maintenance, and part procurement company, based in Moscow, Russia.
>
> At the time the AHRS was purchased, the Commerce Control List (CCL) imposed a license requirement for export to Russia. *See* 87 Fed. Reg. 22,130 (Apr. 14, 2022). These rules are codified in the EAR under Title 15, Code of Federal Regulations, Section 746.8. The AHRS is classified under ECCN 7A103, within the general rubric of

Navigation and Avionics, which covers instrumentation, navigation equipment, and systems, other than those controlled by 7A003. Accordingly, any export to Russia required a license, which defendant did not obtain.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Guidelines Application:** The government will argue that a violation of any provision of 50 U.S.C. § 4819 is governed by U.S.S.G.§ 2M5.1.

   A. The government will argue that defendant's base offense level should be 26 because "national security controls or controls relating to the proliferation of nuclear, biological, or chemical weapons or materials were evaded."

   B. Pursuant to U.S.S.G. § 4C1.1. (Adjustment for Certain Zero-Point Offenders), the government agrees that defendant's offense level should be reduced by two levels.

   C. The government will argue that defendant's total offense level, following additional reductions for Acceptance of Responsibility (below) should be 19.

   D. Defendant may argue for any lawful sentence.

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **Sentencing Recommendation**: The USAO will recommend a sentence within the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above.

10. **Additional Departures, Adjustments, or Variances**:

    A. The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

    B. Defendant may argue for any lawful sentence.

    C. Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that [any of] defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer, and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

Per Olson
Page 5
September 18, 2025

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

18. **Deadline**: This plea offer expires 15 days from receipt.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

Digitally signed by
GREGORY NYHUS
Date: 2025.09.18
11:58:20 -07'00'

GREGORY R. NYHUS
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

10/03/2025
Date

SANJAY KAUSHIK
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

10/3/2025
Date

PER OLSON
Attorney for Defendant